UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF OREGON


MARYJANE A. SNOCKER,

               Plaintiff,                          Civil No. 08-6242-HA

               v.                         OPINION AND ORDER

MICHAEL J. ASTRUE,
Commissioner of Social Security,

               Defendant.

_____

HAGGERTY, District Judge:

     Plaintiff Maryjane A. Snocker seeks judicial review of a final decision by the

Commissioner of the Social Security Administration denying her application for Disability

Insurance Benefits (DIB).  This court has jurisdiction to review the Commissioner's decision

under 42 U.S.C. § 405(g).  For the following reasons, the Commissioner's decision is reversed

and remanded for further proceedings.


1   - OPINION AND ORDER

**STANDARDS**

To establish eligibility for benefits, a plaintiff has the burden of proving an inability to engage in any substantial gainful activity (SGA) "by reason of any medically determinable physical or mental impairment" that has lasted or can be expected to last for a continuous period of not less than twelve months. 42 U.S.C. § 423(d)(1)(A). Additionally, for the purposes of DIB, a plaintiff has the burden of proving disability prior to the termination of his or her insured status. *Tidwell v. Apfel*, 161 F.3d 599, 601 (9th Cir. 1999).

The Commissioner has established a five-step sequential evaluation process for determining if a person is eligible for benefits. 20 C.F.R. §§ 404.1520, 416.920.

First, the Commissioner determines whether the claimant is engaged in SGA. If the claimant is so engaged, disability benefits are denied.

If not, the Commissioner proceeds to the second step and determines whether the claimant has a medical impairment that meets the regulatory definition of "severe." 20 C.F.R. § 404.1520(a). If the claimant lacks this kind of impairment, disability benefits are denied. 20 C.F.R. § 404.1520(c)).

If at least some of the claimant's impairments are severe, the Commissioner proceeds to the third step to determine whether the impairment or impairments are equivalent to one or more impairments that the Commissioner has recognized to be so severe that they are presumed to preclude SGA. *See* 20 C.F.R. § 404.1520(d). These are listed in 20 C.F.R. Part 404, Subpart P, Appendix 1 (Listing of Impairments or the Listings). The Listings describe impairments which qualify as severe enough to be construed as *per se* disabling. 20 C.F.R. §§ 404.1525, 416.925;

*Tackett v. Apfel*, 180 F.3d 1094, 1099 (9th Cir. 1999).

The claimant has the burden of producing medical evidence that establishes all of the requisite medical findings for a listed impairment. *Burch v. Barnhart*, 400 F.3d 676, 683 (9th Cir. 2005); *Bowen v. Yuckert*, 482 U.S. 137, 146 (1987). If the claimant's condition meets or equals one in the Listing of Impairments, the claimant is presumed conclusively to be disabled.

If the impairment is not one that is presumed to be disabling, the Commissioner determines the claimant's residual functional capacity (RFC), which is the most an individual can do in a work setting despite the total limiting effects of all his or her impairments. 20 C.F.R. §§ 404.1545(a)(1), 416.945(a)(1), and Social Security Ruling (SSR) 96-8p.

The Commissioner then proceeds to the fourth step to determine whether the impairment prevents the claimant from engaging in work that the claimant has performed in the past. If the claimant is able to perform his or her former work, a finding of "not disabled" is made and disability benefits are denied. *See* 20 C.F.R. § 404.1520(e).

If the claimant is unable to perform work that he or she has performed in the past, the Commissioner proceeds to the fifth and final step and determines if the claimant can perform other work in the national economy in light of his or her RFC, age, education, and work experience.

In this five-step framework used by the Commissioner, the claimant has the burden of proof at steps one through four. Accordingly, the claimant bears the initial burden of establishing his or her disability.

At the fifth step, the burden shifts to the Commissioner to show that there are a

3  - OPINION AND ORDER

significant number of jobs in the national economy that the claimant can perform given his or her

RFC, age, education, and work experience.  *Gomez v. Chater*, 74 F.3d 967, 970 (9th Cir. 1996).

If the Commissioner cannot meet this burden, the claimant is considered disabled for

purposes of awarding benefits under the Act.  20 C.F.R. § 404.1520(f)(1).  If the Commissioner

meets this burden, the claimant is deemed not disabled for purposes of determining benefits

eligibility.  20 C.F.R. §§ 404.1566, 404.1520(g).

The Commissioner's decision must be affirmed if it is based on proper legal standards

and its findings are supported by substantial evidence in the record as a whole.  42 U.S.C. §

405(g); *Tackett*, 180 F.3d at 1097; *Andrews v. Shalala*, 53 F.3d 1035, 1039 (9th Cir. 1995).

Substantial evidence is more than a scintilla but less than a preponderance; it is "such relevant

evidence as a reasonable mind might accept as adequate to support a conclusion."  *Sandgathe v.

Chater*, 108 F.3d 978, 980 (9th Cir. 1997) (citation omitted).  The Commissioner's denial of

benefits is upheld even if the evidence is susceptible to more than one rational interpretation, so

long as one of the interpretations supports the decision.  *Thomas v. Barnhart*, 278 F.3d 947, 954

(9th Cir. 2002); *Andrews*, 53 F.3d at 1039-40.

The court must weigh all of the evidence, whether it supports or detracts from the

Commissioner's decision.  *Tackett*, 180 F.3d at 1098.  The Commissioner, not the reviewing

court, must resolve conflicts in the evidence, and the Commissioner's decision must be upheld in

instances where the evidence supports either outcome.  *Benton v. Barnhart*, 331 F.3d 1030, 1035

(9th Cir. 2003); *Reddick v. Chater*, 157 F.3d 715, 720-21 (9th Cir. 1998).

However, a decision supported by substantial evidence must be set aside if the

4  - OPINION AND ORDER

Commissioner did not apply the proper legal standards in weighing the evidence and making the decision. *Reddick*, 157 F.3d at 720.

**FACTS**

This summary of relevant facts is drawn from the extensive administrative record. Plaintiff was forty-five years old at the alleged disability onset date and forty-seven years old at the time of the Commissioner's decision. Plaintiff obtained a General Equivalency Diploma and has past relevant work experience as a cashier and garment sorter for Goodwill Industries.

Plaintiff protectively applied for benefits on October 18, 2005, alleging disability beginning October 6, 2005. Plaintiff alleges disability from physical and mental impairments including: temporomandibular joint syndrome, left knee osteoarthritis, low back pain, right carpal bossing, anxiety, and depression. Plaintiff's application was denied initially and after reconsideration. An Administrative Law Judge (ALJ) conducted a hearing on November 29, 2007, at which she heard testimony from plaintiff, who was represented by counsel; Frank Snocker, plaintiff's former husband; and a vocational expert.

On January 24, 2008, the ALJ issued a decision finding that plaintiff was not disabled as defined in the Social Security Act. The Appeals Council declined plaintiff's request for administrative review, making the ALJ's decision the final decision of the Commissioner for purposes of judicial review. Plaintiff subsequently initiated this action.

**SUMMARY OF ALJ'S FINDINGS**

At step one, the ALJ found that plaintiff had not engaged in SGA since her alleged

disability onset date.  Tr. 42, Finding 2.[1]

At step two, the ALJ found that plaintiff had the following medically determinable severe impairments: temporomandibular joint syndrome, left knee osteoarthritis, low pack pain secondary to L4-5 annular tear, and carpal bossing with tendon subluxation.  Tr. 42, Finding 3.

At step three, the ALJ found that plaintiff's impairments, singly or in combination, did not meet or equal the requirements of any listed impairment.  Tr. 43, Finding 4.

The ALJ determined that plaintiff has the RFC to lift and carry twenty pounds occasionally.  Tr. 43, Finding 5.  The ALJ determined that plaintiff can stand and walk for six hours of an eight-hour work day, and sit for six hours of an eight-hour work day.  *Id.* Additionally, the ALJ found that plaintiff is limited to frequent gross handling with her right hand, but has no limitations with fine motor functions in her right hand.  *Id.*  Plaintiff's left hand has no limitations.  *Id.*  The ALJ also noted that plaintiff can occasionally bend, crouch, crawl, stoop, kneel, and climb ladders, ropes, and scaffolds.  *Id.*

At step four, the ALJ found that plaintiff was capable of performing her past relevant work as a garment sorter.  Tr. 45, Finding 6.  This determination made a finding at step five unnecessary.

## DISCUSSION

Plaintiff primarily contends that this court should reverse and remand the Commissioner's final decision for an award of benefits, or for further proceedings, due to alleged errors including: (1) improperly rejecting the opinion of a treating physician and (2) improperly

---

[1] Tr. refers to the Transcript of the Administrative Record.

rejecting plaintiff's testimony. This court has reviewed plaintiff's arguments and finds that

portions of the ALJ's decision are free of legal error and are supported by substantial evidence in

the record. The analysis of Dr. Hylton's opinions, however, compels remand.

**1.     Treating Physician's Opinions**

Plaintiff argues that the ALJ improperly rejected the opinion of treating physician James

Hylton, M.D. Doctor Hylton opined that plaintiff is limited severely in her ability to work. Tr.

391. Doctor Hylton referred to plaintiff's back pain, facial pain, pelvic fractures, right arm

parathesias, degenerative joint disease of the wrists, and depression as sources of her disability.

Tr. 401. In his opinion, "[plaintiff] is not employable and I feel she never will be." Tr. 548.

The opinion of a treating physician cannot be lightly disregarded. However, such

opinions are "not binding on an ALJ with respect to the existence of an impairment or the

ultimate determination of disability." *Tonapetyan v. Halter*, 242 F.3d 1144, 1148 (9th Cir. 2001)

(citing *Magallanes v. Bowen*, 881 F.2d 747, 751 (9th Cir.1989)). The ALJ may reject the

contradicted opinion of a treating physician by stating specific and legitimate reasons supported

by substantial evidence, and may reject an uncontradicted opinion by providing clear and

convincing reasons, supported by substantial evidence in the record. *Bayliss v. Barnhart*, 427

F.3d 1211, 1216 (9th Cir. 2005); *see also Lester v. Chater*, 81 F.3d 821, 830-32 (9th Cir. 1995).

Here, the ALJ listed two reasons for rejecting Dr. Hylton's opinions. First, the ALJ

referred to "significant gaps" in the evidence that Dr. Hylton relied on in completing an RFC

form on plaintiff's behalf. Specifically, the ALJ explained that Dr. Hylton's opinion "referenced

'multiple physical abnormalities well documented' when in fact there are significant gaps in

documentation of conditions he relies on to support a less than sedentary [RFC] (no proof of

7   - OPINION AND ORDER

pelvic and knee fractures or peripheral neuropathies)." Tr. 44 (citation omitted).

It is true that some of plaintiff's impairments are not supported by imaging studies or other documentation. However, such omissions fail to diminish Dr. Hylton's opinion regarding plaintiff's back and facial pain.

The ALJ also explained that Dr. Hylton completed the RFC form at the request of plaintiff's attorney while in the presence of plaintiff. Tr. 44. Because plaintiff's testimony was discredited, the ALJ also gave less weight to the RFC form. Tr. 44-45. However, Dr. Hylton served as plaintiff's treating physician for over a year, examining her approximately every two months. Tr. 548. Plaintiff's mere presence when Dr. Hylton completed the form provides no reason to assume that Dr. Hylton abandoned his professional objectivity. Moreover, it is clear from the record that many of Dr. Hylton's views are based on his personal observations rather than plaintiff's subjective statements. *See* Tr. 393 (Dr. Hylton conducted a complete examination of plaintiff's back).

After considering this analysis, this court concludes that the ALJ failed to provide legitimate reasons for discounting the opinions of Dr. Hylton. Accordingly, this action must be remanded.

**2.    Remand**

A remand for further proceedings is unnecessary if the record is fully developed, and it is clear from the record that the ALJ would be required to award benefits. *Holohan v. Massanari*, 246 F.3d 1195, 1210 (9th Cir. 2001). The decision whether to remand for further proceedings turns upon the likely utility of such proceedings. *Harman v. Apfel*, 211 F.3d 1172, 1179 (9th Cir. 2000).

8  - OPINION AND ORDER

In this matter, this court concludes that outstanding issues remain that must be resolved before a determination of disability can be made.  Pursuant to this remand, the ALJ shall further consider Dr. Hylton's opinion and shall reevaluate plaintiff's RFC in light of his opinion.  The ALJ shall address any limitations plaintiff may have as a result of her alleged impairments.  If the ALJ believes that significant gaps exist in the documentation of plaintiff's impairments, she shall exercise her "special duty to fully and fairly develop the record and assure that the claimant's interests are considered."  *Hayes v. Astrue*, 270 Fed. Appx. 502, 504 (9th Cir. 2008) (quoting *Brown v. Heckler*, 713 F.2d 441, 443 (9th Cir. 1983) (per curiam).  Plaintiff shall have the opportunity to submit additional evidence concerning her limitations, including those resulting from facial and back pain.

## CONCLUSION

For the reasons provided, this court concludes that pursuant to sentence four of 42 U.S.C. § 405(g), the decision of the Commissioner must be REVERSED and REMANDED FOR FURTHER PROCEEDINGS consistent with this Order and the parameters provided herein.

IT IS SO ORDERED.

DATED this  10   day of December, 2009.


    /s/   Ancer L. Haggerty
       Ancer L. Haggerty
    United States District Judge